FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 NOV 28 AM 11: 14

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WADE CLINTON SUTHERLAND,

    Plaintiff,

vs.

TIM WARD, Warden; SANDRA
MOORE; PAUL C. LORENZEN,
M.D.; B. HENDERSON, MD;
SUSAN BARAN, PA; DEBORAH
STEWART, RN, and ARNOLD
SMITH,

    Defendants.

CIVIL ACTION NO.: CV607-067

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, has filed a complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while incarcerated at Rogers State Prison in Reidsville, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

AO 72A
(Rev. 8/82)

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that he injured his wrist on January 6, 2006 while moving bunk beds at Coastal State Prison. Plaintiff contends that after he was transferred to Rogers State Prison four days later, he sought medical care for his injured wrist, but was not seen soon enough or treated appropriately. Plaintiff alleges that he was seen by PA Baran and Dr. Henderson but that neither initially did anything to treat his injury. Plaintiff asserts that Warden Ward, Warden Moore, and Director Freeman did nothing

when he informed them of his objections to his treatment. Plaintiff contends that he was given an x-ray by staff on January 30 and again on February 3, was given leave from his work detail, but was not issued medication or a brace. Plaintiff asserts that PA Baran gave him an ace bandage on March 3, but "not a brace or cast." (Doc. No. 1, p. 10). Plaintiff was issued aspirin but it "did very little to ease the pain." (Id. at 8). Plaintiff allegedly underwent an MRI on March 13, but was not informed of what he contends were abnormal results. Plaintiff alleges that he was finally put in a cast by Dr. Lorenzen on April 12, but contends that this treatment was "counter indicative [sic]. . . in the field of Orthopedic Medicine" and that he should have undergone surgery instead. (Id. at 12). Plaintiff contends that in September, he was transferred to Calhoun State Prison, where he received the proper treatment. Plaintiff asserts that due to the "clearly medically negligent" treatment at Rogers State Prison, he was made to suffer unnecessarily. (Id. at 15).

Under the Eighth Amendment, prison officials are forbidden from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994). However, the allegation that an inmate has not received the treatment or medication which *he* deems appropriate is not sufficient to state a deliberate indifference claim. The facts stated by Plaintiff allege at most a difference of opinion as to the course of his treatment. Such allegations are not cognizable under section 1983. See Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (noting that a mere difference of opinion between prison medical officials and an inmate as to the latter's diagnosis or course of treatment does not support a claim of cruel and unusual punishment). "[I]ncidents of negligence or

malpractice do not rise to the level of constitutional violations." Id. Plaintiff has a forum for malpractice claims in the state court system. Accordingly, Plaintiff's Complaint should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED** this 28th day of November, 2007

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE