IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WADE CLINTON SUTHERLAND,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV607-067

TIM WARD, Warden; SANDRA
MOORE; PAUL C. LORENZEN,
M.D.; B. HENDERSON, MD;
SUSAN BARAN, PA; DEBORAH
STEWART, RN, and ARNOLD
SMITH,

    Defendants.

## ORDER

After an independent review of the record, the Court concurs with the recommendation of the Magistrate Judge that Plaintiff's Complaint be dismissed. The Magistrate Judge concluded that Plaintiff's allegations demonstrated nothing more than a mere difference of opinion with prison officials as to the appropriate course of his medical treatment, and that such allegations are insufficient to state a claim for deliberate indifference to serious medical needs under the Eighth Amendment. Plaintiff has filed Objections to the Report and Recommendation, wherein he reiterates the allegations of his Complaint and contends that the Magistrate Judge erred in mischaracterizing the facts of his Complaint and in describing his complaints as a mere difference of opinion with medical staff.

Plaintiff asserts that the Magistrate Judge "erroneously set out the facts . . . stating that [Plaintiff] injured his wrist on January 6, 2006 . . . and informed medical staff

four days later. Plaintiff in fact injured his wrist at Coastal S.P. on January 9, 2006, was transferred that night on January 10, 2006." (Doc. No. 6, p. 3). Plaintiff's Complaint, filed with this Court on October 15, 2007, states that "on or about January 6, 2006 . . . the plaintiff sustained injury to his right wrist . . . ." (Doc. No. 1, p. 6). In a copy of his Complaint attached as an exhibit to his Objections, Plaintiff has made several handwritten corrections to dates, including changing the date of injury to January 9, 2006. (Doc. No. 6, Exh. 1, p. 6). Clearly, the Magistrate Judge did not "erroneously set out the facts," but rather stated the facts as Plaintiff alleged them in his original Complaint. Regardless, the date change is of absolutely no consequence to the survival of Plaintiff's Complaint. The facts alleged remain that Plaintiff first sought treatment for the injury on January 10.

The remainder of Plaintiff's Objections complain of the nature of the medical treatment given to him by prison staff, and that the Magistrate Judge erred in concluding that "Defendant's actions in failing to treat him was [sic] not clearly [ ] medically negligent treatment." (Doc. No. 6, p. 4). Plaintiff misinterprets the Report and Recommendation, which did not determine that Defendants' actions were not medically negligent, but that even if they had been, "incidents of negligence or malpractice do not rise to the level of constitutional violations." (Doc. No. 2, p. 3). Though Plaintiff may naturally desire different medication or a different course of treatment while incarcerated, more than a mere difference of opinion with medical personnel is required to support an Eighth Amendment deliberate indifference claim. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). The fact that inmates are entitled to adequate care does not mean that they are entitled to the care of their choice. In a case such as this

where the inmate has, in fact, received medical treatment, courts are reluctant to question the propriety of the particular medical decisions made by prison officials. Id. at 1507. The things about which Plaintiff complains are classic examples of matters best left to the judgment of medical professionals. At most, Plaintiff's allegations sound in medical malpractice, the proper forum for which is state court.

The Complaint's allegations, even when read in a light most favorable to Plaintiff, fail to state a claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A. Plaintiff's Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of this Court. Plaintiff's Complaint is hereby **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this 2 day of Sep 2008.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA